UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILIOKALANI MOSSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:21-cv-00247-SEP |
| | ) |
| KEVIN COGLE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File her First Amended Complaint. Doc. [28]. Plaintiff seeks leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend her complaint to add factual allegations to her existing negligent entrustment claim and to add a new count of negligent supervision. *Id.* at 1. For the reasons set forth below, the Motion is granted in part and denied in part.

Pursuant to the parties' Second Amended Case Management Order, all motions to amend the pleadings were required to be filed no later than May 31, 2021. Because that date has passed, Plaintiff now seeks relief under Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs the Court to "freely give leave to amend a pleading when justice so requires." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *Chambers v. Padda*, 2021 WL 725682, at *1 (E.D. Mo. Feb. 25, 2021). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman*, 532 F.3d at 715 (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). Courts may properly deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

Defendant does not contest Plaintiff's request to amend her negligent entrustment claim. Doc. [29] at 1. Because it is uncontested, and because Plaintiff has appropriately added new factual information adduced from a recent witness deposition and Defendant's discovery

1

responses, Plaintiff's Motion for Leave is granted as to the negligent entrustment claim. Doc. [28] at 2. The sole remaining issue is whether Plaintiff may amend her Complaint to assert a new negligent supervision claim. Defendant argues that Plaintiff's addition of the negligent supervision claim is futile, as it does not state a claim upon which relief can be granted. Doc. [29] at 4.

"Negligent supervision is a variant of the common law tort of negligence." *O.L. v. R.L.*, 62 S.W.3d 469, 474 (Mo. App. 2001) (citing *G.E.T. ex. Rel. T.T. v. Barron*, 4 S.W.3d 622, 624 (Mo. App. 1999)). A plaintiff bringing a negligent supervision claim must show: "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Id.* (citing *G.E.T.*, 4 S.W.3d at 624). The "duty to supervise runs not to an activity, but rather to an individual." *Bequette v. Buff*, 862 S.W.2d 921, 924 (Mo. App. 1993). The claim requires that the defendant had an "obligation and ability to control the child" and does not focus on whether the defendant had "control over the instrumentality . . . which causes the harm." *O.L.*, 62 S.W.3d at 474. Moreover, Missouri courts have held that negligent supervision cases "uniformly involve situations where the plaintiff and defendant have some relationship." *Bequette*, 862 S.W.2d at 924. Most often, these types of cases involve a defendant who has assumed a duty to exercise reasonable or ordinary care of a minor child. *See, e.g.*, *Rogger v. Voyles*, 797 S.W.3d 844 (Mo. App. 1990) (grandfather owed a duty of care to his granddaughter while taking care of her); *Smith v. Archbishop of St. Louis*, 632 S.W.3d 516 (Mo. App 1982) (teacher owed a duty to a student while the student was within the teacher's supervision).

Here, Plaintiff appears to allege two theories of negligent supervision: first, that Defendant breached a duty to avoid foreseeable injuries resulting from his vehicle, which Defendant's minor son was operating when Plaintiff was injured; and second, that Defendant breached a duty to supervise his minor son in connection with his marijuana/THC abuse and history of excessive speeding. Plaintiff's first theory necessarily fails because it attempts to assign a duty to Defendant to supervise the vehicle itself, rather than an individual. The tort of negligent supervision does not support such a duty. *See O.L.*, 62 S.W.3d at 474. Plaintiff's second theory also fails, as there was no relationship between Plaintiff and Defendant in this case. Missouri courts have made clear that the existence of such a relationship is necessary to

maintain a claim for negligent supervision.  *See Bequette*, 862 S.W.2d at 924.  As such, the Court declines to allow Plaintiff to amend her Complaint to add a negligent supervision claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. [28]) is **GRANTED** as to Plaintiff's negligent entrustment claim.

**IT IS FURTHER ORDERD** that Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. [28]) is **DENIED** as to Plaintiff's negligent supervision claim.

Dated this 6th day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE