## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **LILIOKALANI MOSSMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 4:21-CV-247 |
| ) | |
| **KEVIN COGLE,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT

COMES NOW Defendant Kevin Cogle, by and through counsel, and for his Answer to Plaintiff's First Amended Complaint, states as follows

1. This Court has proper jurisdiction over this matter by virtue of diversity jurisdiction, having assumed jurisdiction after removal of this matter from the Circuit Court of St. Charles County, Missouri.

**ANSWER: Defendant admits Paragraph 1 of Plaintiff's First Amended Complaint.**

2. On June 29, 2020, Clayton Cogle was operating a 2016 Audi A3, a luxury German sports car (hereinafter the subject vehicle), when he lost control of the subject vehicle and drove off the road at a high rate of speed. At this time, Plaintiff was a passenger in the subject vehicle.

**ANSWER: Defendant admits Plaintiff was a passenger in a vehicle driven by Clayton Cogle but otherwise denies each and every other allegation of fact and conclusion of law in Paragraph 2 of Plaintiff's First Amended Complaint.**

3. Upon information and belief, on June 29, 2020, Defendant was the father and legal guardian of Clayton Cogle, who was a minor at the time of the car crash referenced herein.

1

**ANSWER:  Defendant notes that Paragraph 3, in part, states a legal conclusion. However, Defendant admits he is the father of Clayton Cogle (who was a minor at the time of the accident) and that Defendant shared custody of Clayton on 50/50 basis with Clayton's mother (Sandra Cogle), and that Clayton's residence was and is St. Charles, Missouri with his mother.**

4. Defendant was the registered owner of the subject vehicle and supplied the subject vehicle to Clayton Cogle, Defendant's minor son.

**ANSWER:  Defendant admits he was the registered owner of the subject vehicle and said vehicle was available for use by Clayton Cogle.**

5. On June 29, 2020, as the father and legal guardian of Clayton Cogle, Defendant knew, or in the exercise of due care, should have known of Clayton Cogle's reckless and irresponsible conduct, including his dangerous propensity to speed and habitual use of marijuana/THC.

**ANSWER: Defendant denies Paragraph 5 of Plaintiff's First Amended Complaint.**

6. Upon information and belief, Clayton Cogle received a speeding ticket while driving the subject vehicle and Defendant paid for the costs of the ticket before the crash which gave rise to this lawsuit.

**ANSWER: Defendant denies Paragraph 6 of Plaintiff's First Amended Complaint.**

## COUNT I- NEGLIGENT ENTRUSTMENT

7. Plaintiff realleges and incorporates by reference all preceding allegations in this First Amended Complaint as if fully set forth herein.

2

**ANSWER:   Defendant incorporates his responses to Paragraphs 1 through 6 as though fully set forth herein.**

8. On June 29, 2020, Clayton Cogle was incompetent to operate the subject vehicle by reason of his habitual recklessness, including but not limited to his habitual speeding and habitual use of marijuana/THC.

**ANSWER:   Defendant denies Paragraph 8 of Plaintiff's First Amended Complaint.**

9. On June 29, 2020, Clayton Cogle was incompetent to operate the subject vehicle by reason is his age as a minor, and inexperience of driving as a seventeen-year-old.

**ANSWER:   Defendant denies Paragraph 9 of Plaintiff's First Amended Complaint.**

10. As the father of Clayton Cogle, and as the individual who supplied the subject vehicle to Clayton Cogle, Defendant knew or should have known of Clayton Cogle's incompetence.

**ANSWER:   Defendant denies Paragraph 10 of Plaintiff's First Amended Complaint.**

11. Despite such knowledge, on June 29, 2020, Defendant entrusted Clayton Cogle with the subject vehicle Defendant owned.

**ANSWER:   Defendant notes that Paragraph 11, in part, states a legal conclusion. However, Defendant admits he was the owner of the vehicle at issue and admits the subject vehicle was available for use by Clayton Cogle but denies that he "entrusted" the subject vehicle to Clayton Cogle on June 29, 2020.**

12. While driving at a high rate of speed operating Defendant's vehicle, and while

intoxicated from marijuana/THC, Clayton Cogle drove off the road, causing catastrophic injuries to Plaintiff including but not limited to pelvic fractures, scapula fracture, multiple rib fractures, displaced fractures of the right sacrum through the right SI joint and acetabulum, and open wounds on lower back, pelvis, and abdomen.

**ANSWER:  Defendant admits that Clayton Cogle was operating the subject vehicle at a high rate of speed, and with the consent and participation of Plaintiff, but otherwise denies each and every other allegation of fact and conclusion of law in Paragraph 12 of Plaintiff's First Amended Complaint.**

13. The aforesaid incident and resulting injuries to Plaintiff were directly and proximately caused or contributed to be caused by the negligence and carelessness of Defendant in his negligent entrustment of the subject vehicle, the 2016 Audi A3, to his minor son Clayton Cogle**.**

**ANSWER:  Defendant denies Paragraph 13 of Plaintiff's First Amended Complaint.**

14. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff sustained catastrophic injuries set forth more fully above and Plaintiff has incurred over $1,000,000.00 in medical bills and will incur in the future damages for medical and surgical hospital expenses, reduced future earning capacity, pain, suffering, disability, loss of enjoyment of life, and other consequential damages.

**ANSWER:  Defendant denies Paragraph 10 of Plaintiff's First Amended Complaint.**

## DEFENSES

15. Defendant denies each and every other allegation, averment and statement made

4

and contained in Plaintiff's First Amended Complaint not previously and specifically admitted herein.

16. Pursuant to R.S.Mo. § 490.715.5, any evidence of medical bills asserted by Plaintiff shall be for the actual cost of the medical care or treatment, defined as a sum of money not to exceed the dollar amounts paid by or on behalf of Plaintiff, plus any remaining dollar amount necessary to satisfy the financial obligation of Plaintiff for medical care or treatment.

17. If Plaintiff received any injures or damages, which Defendant specifically denies, then said injuries or damages were directly caused, or directly contributed to be caused by Plaintiff's own negligence, carelessness or fault, in that Plaintiff:

    a. knew that Plaintiff was in immediate danger, and thereafter had time to warn Clayton Cogle and failed to do so; and

    b. knew facts from which it was reasonably apparent that she was in immediate danger, and Plaintiff had time to warn Clayton Cogle and failed to do so;

    c. entered into and/or remained in Clayton Cogle's automobile at which time Clayton Cogle was intoxicated to the extent that Clayton Cogle's driving ability was impaired, and Plaintiff entered into and/or remained in Clayton Cogle's automobile knowing that Clayton Cogle was in an intoxicated condition.

18. Plaintiff's own negligence caused and or contributed to cause her alleged injuries in that she failed to wear her seatbelt.

19. R.S.Mo. § 307.178.4 is an unconstitutional infringement on Defendant's right to a jury trial on the issues of comparative fault and mitigation of damages and also constitutes of a violation of the equal protection of the laws and due process rights as guaranteed under both the Missouri and United States Constitution.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Kevin Cogle prays to be discharged with his costs herein incurred and expended, and furthermore, prays that any fault or negligence on the part of Defendant, said fault or negligence being denied, should be compared with the fault or negligence of Plaintiff, and for such other order and further relief as the Court deems just and proper.

**MCCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Clinton S. Turley*

Clinton S. Turley               MO#66898
225 South Meramec Avenue, Suite 325
Clayton, MO 63105
(314) 548-0300 / FAX (314) 639-9300
cturley@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

AND

**MCCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Michael E. McCausland*

Michael E. McCausland           MO#29950
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

I hereby certify that a copy of the above
and foregoing was electronically delivered
by the Court on this 28th day of January 2022 to:

Geoffrey Meyerkord
Tara Knowlton
Geoff Meyerkord Law Firm, LLC
2642 Hwy 109, Suite F
Wildwood, MO 63040
314-275-0306 / 314-500-2020 (FAX)
geoff@geofflawfirm.com
tara@geofflawfirm.com
COUNSEL FOR PLAINTIFF


*/s/ Clinton S. Turley*
_____
Clinton S. Turley
For the Firm