# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **LILIOKALANI MOSSMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No.: 4:21-CV-247 |
| ) | |
| **KEVIN COGLE,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW Defendant Kevin Cogle, by and through counsel, and for his Motion to Compel Discovery states as follows:

### I.    Factual Background

Plaintiff Liliokalani Mossman was a passenger in an automobile driven by Defendant Kevin Cogle's son, non-party Clayton Cogle. The vehicle was involved in an accident and Plaintiff has brought suit against Defendant for her injuries under the theory of Negligent Entrustment.

### II.   Discovery Sought

As more fully explained herein, Defendant seeks production of correspondence Plaintiff's attorneys have had with non-party fact witness Kathryn Janssen. Ms. Janssen is unable to produce the correspondence because her phone broke and she was unable to recover the data.

### III.  Procedural Background

#### a.  Deposition of Kathryn Janssen

On October 26, 2021, Plaintiff took the videotaped deposition of non-party fact witness Kathryn Janssen. Ms. Janssen did not witness the accident at issue but rather provided testimony about her previous romantic relationship with non-party Clayton Cogle, the driver of the automobile in which Plaintiff was riding as a passenger and involved in an accident. Plaintiff then

1

used Ms. Janssen's testimony to amend her allegations of negligence against Defendant.

Defendant cross-noticed the deposition and asked Ms. Janssen to bring certain documents to the deposition. Exhibit "A" to Ms. Janssen's Deposition, <u>Cross-Notice to Take Deposition Duces Tecum of Kathryn Janssen</u>. Relevant to this Motion, Defendant asked Ms. Janssen to bring:

> (4) All correspondence (electronic or otherwise, regardless of platform and including but not limited to text, Facebook, WhatsApp, Snapchat, email) you have had with Geoff Meyerkord, Tara Knowlton or any other representative of Geoff Meyerkord Law Firm, LC which relates to the lawsuit at issue and accident of June 29, 2020.

Exhibit "A" to Ms. Janssen's Deposition, <u>Cross-Notice to Take Deposition Duces Tecum of Kathryn Janssen</u> at ¶¶ 2-4. Notably, the Cross-Notice asked Ms. Janssen and Plaintiff to advise of any objections to the requested documents prior to the deposition. **Neither Plaintiff nor Ms. Janssen ever objected,** and Ms. Janssen was even represented by counsel (on a referral from Plaintiff's own counsel) at the deposition.

Plaintiff's Attorney Geoff Meyerkord preemptively addressed the Cross-Notice with Ms. Janssen during his direct examination. Ms. Janssen testified that the requested documents weren't available to her because her phone broke and she lost the requested communications:

> Q. Okay. Did you have a chance at all to go through the 13 paragraphs that the other side lawyer --
> A. **Yeah, about texts and everything?**
> Q. Uh-huh.
> A. **Yes.**
> Q. How they mentioned wanting to see certain things?
> A. **Yes.**
> Q. Okay. Did you read all of that?
> A. **Yes.**
> Q. And are those things available to you?
> A. **No. My phone broke like a month and a half ago, so I lost all my texts from, like, before then.**
> Q. Were you able to recover any of those with your new phone?
> A. **No.**
> Q. Did you get a new phone?
> A. **Yes.**

|   |   |   |
|---|---|---|
| Q. | Did you try to recover them? |
| A. | **I tried to, but nothing came through.** |
| Q. | So what did you lose? |
| A. | **I lost all my texts, all my apps, and everything.** |

Exhibit "B," <u>Deposition of Kathryn Janssen</u> at 77:15-78:12. Ms. Janssen further confirmed and clarified the issue on cross-examination, testifying that she was unable to retrieve any data because she didn't back up her phone. *Id*. at 81:25-82:11.

### b. Defendant's Second Request for Production No. 1

Because of Ms. Janssen's inability to produce the requested documents, Defendant served a Request for Production to Plaintiff for same. As to communications Plaintiff's counsel had, Plaintiff objected:

> 1. All communication and documents you, your attorney(s) or anyone in your attorneys' office has had or exchanged with Kathryn Janssen regarding your injuries, the accident at issue and/or the claims in Plaintiff's Petition (such to include the proposed First Amended Petition if such becomes the live Complaint).
>
> **RESPONSE: Objection as to my attorneys or anyone in my attorneys' office because those communications are work-product and further I do not have access to those communications. I am reviewing prior communications in my possession, and I will supplement if any responsive materials are located.**

### c. Meet and Confer; Discovery Conference with the Court

Counsel for both parties then engaged in a meet and confer process both and later attended a discovery conference with the Court on January 27, 2022. At the Court's request during that call, Defendant now submits this Motion to Compel.

### IV. Standard of Review – The Work-Product Doctrine

#### a. Rule 26(b)(3)

Rule 26(b)(3) is controlling:

(**3**) *Trial Preparation: Materials.*

3

> **(A) Documents and Tangible Things.** Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>> **(i)** they are otherwise discoverable under Rule 26(b)(1); and
>>
>> **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

    **b. Burden**

Plaintiff, as the party asserting protection of the work product doctrine, bears the burden of demonstrating the applicability and non-waiver of the doctrine. *In re Osage Marine Servs.*, No. 4:10-CV-1674 (CEJ), 2011 U.S. Dist. LEXIS 148740, at *3 (E.D. Mo. Dec. 28, 2011).

**V.  Argument**

    **a. The Communications Are Not Work Product**

Plaintiff has offered no evidence that Plaintiff's counsel's correspondence with non-party fact witness Ms. Janssen were prepared "by or for" Plaintiff. The communications at issue, particularly those *from* Ms. Janssen, were prepare by Ms. Janssen and not by or for any party. As noted above, neither Plaintiff nor Ms. Janssen objected when such documents were requested from Ms. Janssen as opposed to Plaintiff. As such, if Defendant could've properly obtained the documents from Ms. Janssen, and because they weren't prepared by or for Plaintiff, then the documents aren't work product.

    **b. Plaintiff has Waived any Application of Work Product**

Plaintiff's failure to produce a privilege log permits the Court to sanction Plaintiff and hold that Plaintiff has waived protection of any work product. *Fluor Corp. v. Zurich American Insurance Co.*, No. 4:16CV00429 ERW, 2021 U.S. Dist. LEXIS 99230, at *14 (E.D. Mo. May 26,

4

2021); *In re Osage Marine Servs.* At *4-5 (failing to provide a privilege log is a failure to prove the elements of the work product doctrine). Rule 26(b)(5)(A) requires Plaintiff to expressly make the claim of the protected work product and describe the nature of the material withheld such that the opposing party can assess the claim – i.e., provide a privilege log. Withholding materials without abiding by the rules subjects Plaintiff to sanctions and "may be viewed as a waiver of the … protection." *Fluor Corp*. at *14. Here, Plaintiff claimed protection of the work product doctrine but failed to comply with the remainder of Rule 26(b)(5)(A) and therefore she has waived protection.

In the same vein, Defendant is at a disadvantage in briefing this Motion to Compel because of Plaintiff's failure to provide a privilege log insofar as Plaintiff has failed to identify the nature of the material withheld.

    **c. Substantial Need and no Substantial Equivalent**

Finally, even if the documents at issue are protected by work product and even if such hasn't been waived, Defendant is entitled to the documents because he has a substantial need for same and, without undue hardship, cannot obtain their substantial equivalent. Plaintiff's counsel exchanged correspondence with a non-party fact witness prior to the witness' deposition. Defendant has a substantial need to discovery such correspondence in order to effectively cross-examine the witness, **especially insofar as Plaintiff *used this witness' deposition* to amend Plaintiff's allegations of negligence against Defendant.** As such, according to Plaintiff's own actions, this witness is presumably crucial to Plaintiff's *prima facie* case against Defendant. Finally, as to obtaining the substantial equivalent, Defendant is unable to do so because of the witness' broken phone and inability to recover the data therein.

**VI. Conclusion**

Plaintiff should be compelled to produce the requested correspondence. However, at the

very least, and in order to enable the Court and Defendant to better assess the claimed protection, Defendant asks the Court to order Plaintiff to (1) submit a privilege log to Defendant and (2) submit the documents to the Court for an *in camera* review of same.

**MCCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Clinton S. Turley*

Clinton S. Turley                    MO#66898
225 South Meramec Avenue, Suite 325
Clayton, MO 63105
(314) 548-0300 / FAX (314) 639-9300
cturley@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

AND

Michael E. McCausland            MO#29950
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

I hereby certify that a copy of the above
and foregoing was electronically delivered
by the Court on this 3rd day of February 2022 to:

Geoffrey Meyerkord
Tara Knowlton
Geoff Meyerkord Law Firm, LLC
2642 Hwy 109, Suite F
Wildwood, MO 63040
314-275-0306 / 314-500-2020 (FAX)
geoff@geofflawfirm.com
tara@geofflawfirm.com
COUNSEL FOR PLAINTIFF

*/s/ Clinton S. Turley*

Clinton S. Turley
For the Firm