UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILIOKALANI MOSSMAN,            ) | |
| ) | |
| Plaintiff,            ) | |
| vs.            ) | Case No. 4:21-cv-00247-SEP |
| ) | |
| KEVIN COGLE,            ) | |
| ) | |
| Defendant.            ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Voluntarily Without Prejudice, Doc. [53]. The Motion has been fully briefed. The Court held a hearing on the Motion on April 13, 2022. For the reasons set forth below, the Motion is denied.

Plaintiff Liliokalani Mossman filed this Motion on March 24, 2022, pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss her case without prejudice. Doc. [54]. In support of her Motion, Plaintiff argues that dismissal is necessary for her to properly litigate her case in the future because she has been unable to depose Defendant's minor son, Clayton Cogle, due to the fact that he is currently being prosecuted for the same car accident giving rise to this civil case. Doc. [54] at 3. Although Plaintiff was able to set a deposition for Clayton Cogle, Cogle invoked his Fifth Amendment right against self-incrimination to all questions relevant to this action. *Id.* Plaintiff also contends that she was unable to obtain a copy of Clayton Cogle's alcohol and toxicology report because it is a "closed record" under state law until his criminal case is closed. *Id.* Defendant opposes the Motion, arguing that the parties have already engaged in extensive discovery—Defendant's attorneys have reportedly spent 235 hours litigating the case so far—and that Plaintiff was dilatory in seeking the discovery at issue. Doc. [62] at 7. Dismissal at this stage, he contends, would be prejudicial to Defendant and a waste of judicial time and effort. *Id.* at 10-11.

Federal Rule of Civil Procedure 41(a)(2) allows a court to dismiss an action at the plaintiff's request and "on terms that the court considers proper." Interpreting this rule, the Eighth Circuit has said:

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider

1

>factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted).

The Court recognizes that, because of the ongoing criminal case proceeding against Clayton Cogle, Plaintiff has been unable to meaningfully depose him and may be unable to do so for a significant period of time. The Court agrees with Defendant, however, that voluntarily dismissal at this juncture would be unduly prejudicial given the amount of litigation that has already occurred in this case. It would also result in a waste of judicial time and effort. The Court has managed this case since its inception and has issued various orders, including scheduling orders and a Memorandum and Order related to Plaintiff's Motion for Leave to File Amended Complaint. It has also held several conferences with the parties. The fact that Plaintiff is unable to depose Clayton Cogle during the pendency of his criminal case does not justify allowing Plaintiff to restart the case entirely after so much effort has already been expended. That is especially clear here because the obstacle Plaintiff faces was reasonably foreseeable, and Plaintiff could have mitigated the harm to Defendant by seeking earlier, or more limited, relief. *See, e.g.*, Fed. R. Civ. P. 16(b)(4) (permitting the modification of scheduling orders for good cause and with the judge's consent); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) ("The District Court has broad discretion to stay proceedings as an incident to it power to control its own docket."); *Carlisle v. Emerson Elec. Co.*, 2021 WL 833993, at *2 (E.D. Mo. Mar. 4, 2021) (ordering a stay of proceedings where doing so promoted judicial economy and did not prejudice the non-moving party).

For the foregoing reasons, Plaintiff's Motion to Dismiss Voluntarily Without Prejudice will be denied. All deadlines in the current Case Management Order, Doc. [25], will remain in force, except that Plaintiff will have 14 days to respond to Defendant's Motion for Protective Order to Quash Subpoena of Nancy Kessler, and—in light of the time spent by the parties litigating this request, in addition to the other reasons cited in his motion—Defendant's request for a two-week extension to the deadline for dispositive motions will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Voluntarily Without Prejudice, Doc. [53], is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendant's Motion for Protective Order to Quash Subpoena of Nancy Kessler within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Dispositive and Daubert Motions is **GRANTED.**  The parties shall have until May 6, 2022, to file any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999).

**IT IS FURTHER ORDERED** that a teleconference will be held to discuss unresolved issues with discovery (*see* Doc. [49]) on May 9, 2022, at 2:00 PM via Zoom Video Conference before District Judge Sarah E. Pitlyk.  Parties will receive Zoom information by a separate email.

**IT IS FINALLY ORDERED** that all other terms of the operative Case Management Order (Doc. [25]) will remain in effect

Dated this 21st day of April, 2022.

*[signature]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE