# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LILIOKALANI MOSSMAN, )<br>)<br>    **Plaintiff**, )<br>)<br>v. )<br>)<br>KEVIN COGLE, )<br>)<br>    **Defendant.** ) | Case No.: 4:21-CV-247 |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant provides the following Memorandum in Support of His Motion for Summary Judgment

## I. Introduction

On June 29, 2020, Plaintiff was in a car accident while a passenger in a vehicle owned by Defendant Kevin Cogle but driven by non-party Clayton Cogle. SUMF ¶ 1. Plaintiff filed suit against Defendant Kevin Cogle alleging he negligently entrusted his vehicle to Clayton Cogle in that Clayton Cogle was incompetent to operate a motor vehicle because of his (1) age as a minor and inexperience of driving as a seventeen-year-old and (2) alleged habitual recklessness based on alleged habitual speeding and alleged habitual use of marijuana/THC. SUMF ¶¶ 2-3.

Defendant is entitled to summary judgment because Plaintiff is unable to prove that (1) Clayton Cogle was incompetent to operate a motor vehicle, (2) Defendant Kevin Cogle knew or had reason to know of any incompetence and (3) that Clayton Cogle's alleged use of marijuana/THC (hereinafter "marijuana'") was the proximate cause of Plaintiff's injuries.

## II. Standard for Summary Judgment

"[A] court must grant a motion for summary judgment if it finds, based on the factual record, that 'there is no genuine issue as to any material fact and that the moving party is entitled

1

to a judgment as a matter of law." *Johnson v. City of Leadington*, No. 4:19-cv-02282-SEP, 2022 U.S. Dist. LEXIS 10561, at *7 (E.D. Mo. Jan. 20, 2022) (quoting *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). Relevant here, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* at 322. Initially, the party seeking summary judgment bears the burden to inform the district court of the basis for the motion, identifying the portions of pleadings, depositions, answers to interrogatories, and admissions on file which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to "present specific evidence, beyond mere denials or allegations that raise a genuine issue for trial." *Johnson* at *8 (internal citation and quotation omitted).

## III. Argument

Summary judgment is proper because Plaintiff cannot prove essential elements of her claim for negligent entrustment. Those elements are:

> "(1) that the entrustee is incompetent by reason of age, inexperience, habitual recklessness or otherwise;
>
> (2) that the entrustor knew or had reason to know of the entrustee's incompetence;
>
> (3) that there was an entrustment of the chattel; and
>
> (4) that the negligence of the entrustor concurred with the conduct of the entrustee as a proximate cause of the harm to plaintiff."

*Evans v. Allen Auto Rental & Truck Leasing, Inc.*, 555 S.W.2d 325, 326 (Mo. 1977).[1]

---

[1] Missouri law is applied because this is a diversity case and the Court applies the substantive law of the state in which it sits. *Schneider v. Curtis Warr & Swift Transp. Co.*, No. 06-3252-CV-S-

2

First, Plaintiff is unable to prove that Clayton Cogle was incompetent to operate a motor vehicle. Second, Plaintiff is unable to prove that Defendant Kevin Cogle knew or had reason to know of any incompetence. Finally, Plaintiff cannot prove that Clayton Cogle's alleged use of marijuana/THC (hereinafter "marijuana") was the proximate cause of Plaintiff's injuries.

**A. Incompetence**

As to incompetence, Plaintiff's allegations are two-fold: Clayton Cogle was incompetent because of (1) his age as a minor and inexperience of driving as a seventeen-year-old and (2) his alleged habitual recklessness based on alleged habitual speeding and alleged habitual use of marijuana. SUMF ¶ 3.

**1. Plaintiff cannot establish incompetence based on Clayton Cogle's age or inexperience driving.**

Plaintiff cannot prove that Clayton Cogle was incompetent because of "his age as a minor, and inexperience driving as a seventeen-year-old." SUMF ¶ 3. Indeed, the evidence is to the contrary and shows that Clayton Cogle had more than enough driving experience by the time of this accident, at which time he was forty-four days shy of his eighteenth birthday. SUMF ¶¶ 4-8. Even if Plaintiff *could* establish that Clayton was youthful and inexperienced, Defendant would still be entitled to summary judgment because "under Missouri law, youth and inexperience alone do not constitute incompetence." *Eagle Express Lines, Inc. v. Nyazee*, No. 4:18-CV-01152-AGF, 2018 U.S. Dist. LEXIS 207777, at *8 (E.D. Mo. Dec. 10, 2018) (citing *Timmons v. L.E.P.*, No. 1:16 CV 31 ACL, 2017 U.S. Dist. LEXIS 88817 (E.D. Mo. June 9, 2017), reconsideration denied, *Timmons v. L.E.P.*, No. 1:16 CV 31 ACL, 2017 U.S. Dist. LEXIS 130176 (E.D. Mo. Aug. 16, 2017)).

---

GAF, 2007 U.S. Dist. LEXIS 110153, at *5-6 (W.D. Mo. Sep. 19, 2007) (analyzing Missouri's negligent entrustment law and citing to *Evans*).

Clayton Cogle was forty-four days shy of his eighteenth birthday at the time of this accident. SUMF ¶ 4. Plaintiff's theory that there could not even be an argument of incompetence based on Clayton Cogle's age as a minor if this accident happened forty-five days later is nonsensical and supports the conclusion in *Eagle Express Lines, Inc.* that "youth and inexperience alone do not constitute incompetence." 2018 U.S. Dist. LEXIS 207777, at *8. Regardless, by the time of this accident Clayton Cogle had already obtained a permit and an intermediate driver's license, had more than forty hours of driving instruction and primarily learned to drive in the very Audi he was driving at the time of this accident. SUMF ¶¶ 5-7. Kathryn Janssen - Clayton's ex-girlfriend and Plaintiff's own witness and best friend – rode in the Audi with Clayton Cogle up to four times per day for approximately fourteen months prior to this accident (i.e., literally hundreds of times). SUMF ¶ 8.

Judge Crites-Leoni's opinion in *Timmons* is insightful and applicable. Timmons was injured in an automobile accident with L.E.P., a minor. *Timmons* at *1-2. L.E.P. "was a fairly new driver" and had obtained her permit only four months prior. *Id*. at *9-10. Even though a fairly new driver with only a permit, L.E.P. was driving her father's 1998 Pontiac Firebird Trans-Am. *Id*. at *1-2. She had only driven the Trans-Am seven to nine times prior to the accident, and none of those prior instances resulted in an accident. *Id*. at 8. Timmons brought suit against father for negligent entrustment, claiming L.E.P. was too inexperienced to operate such a powerful vehicle. *Id*. at *2. Father filed for summary judgment, arguing Timmons had produced no evidence to support claim of negligent entrustment. *Id*. at *3.

Judge Crites-Leoni granted summary judgment, finding insufficient evidence for a jury to find that father knew L.E.P. was incompetent. *Id*. at *9-10. The mere fact that L.E.P. did not have a license did not establish incompetence insofar as she obtained a learner's permit four months

4

prior and her father was in the vehicle with her as required. *Id*. at 10. In a later opinion on a Motion to Reconsider the summary judgment, Judge Crites-Leoni called L.E.P.'s pre-accident experience driving the Trans-Am seven to nine times "significant experience." *Timmons*, 2017 U.S. Dist. LEXIS 130176, at *6. A year later, in a case involving a driver too young to legally rent a vehicle, Judge Fleissig cited to Judge Crites-Leoni's opinions in *Timmons* with approval, finding "youth and inexperience alone do not constitute incompetence." *Eagle Express Lines, Inc.* at *8.

Here, Clayton Cogle was nearly eighteen years old and already had a driver's license, not a permit like L.E.P. SUMF ¶¶ 4-5. Clayton Cogle primarily learned to drive in the Audi he was driving at the time of the accident, had over forty hours of driving instruction and, unlike L.E.P. having only driven the Trans-Am seven to nine times, had driven the car hundreds (if not thousands) of times over a period of years. SUMF ¶¶ 6-8. There is absolutely no evidence that Clayton Cogle was an inexperienced driver, nor would such evidence alone support a claim for negligent entrustment. *Eagle Express Lines, Inc.* at *8.

**2. Plaintiff cannot establish incompetence based on Clayton Cogle's alleged habitual recklessness.**

To prove habitual recklessness, Plaintiff must – but cannot – prove that Clayton Cogle's alleged reckless conduct "was so constantly committed as to constitute a habit of negligence." *Matysyuk v. Pantyukhin*, 595 S.W.3d 543, 549 (Mo. App. W.D. 2020) (quoting *Lix v. Gastian*, 261 S.W.2d 497, 500 (Mo. App. E.D. 1953); *Schneider* at *7 (quoting *Lix* at 500)). Plaintiff has identified only two areas of habitual recklessness: (i) habitual speeding and (ii) generalized habitual use of marijuana. SUMF ¶ 3.

**i. Habitual Speeding**

Plaintiff is unable to prove that Clayton Cogle's prior speeding was "so constantly committed as to constitute a habit of negligence." *Lix* at 500. *Lix* has been the law in Missouri for

5

almost seventy years and is factually analogous. In *Lix*, the issue was whether Henry Lix was liable for negligently entrusting his vehicle to his stepson, Wayne Adams, who lived with Lix. *Id*. at 498-99. Adams had been using Lix's vehicle for about six months to get to and from work. *Id*. at 500. Approximately one year prior to the accident, Adams was arrested and pled guilty to carless and reckless driving. *Id*. Adams had also been drinking at the time. *Id*. He was fined and given a suspended jail sentence. *Id*. Lix paid Adams' fine. *Id*. There was also testimony that "Adams had a reputation in the community as a fast driver." *Id*.

The appellate court found "no showing of habitual reckless conduct on the part of Adams," and the trial court therefore erred in not directing a verdict for Lix. *Id*. 500. In so holding, the court found the one prior conviction of carless and reckless driving, approximately one year prior to the accident at issue, "not sufficient" to make out a case of negligent entrustment against Lix. *Id*. The court also found Adams' "reputation for fast driving" insufficient to establish habitual negligence because there was no showing that any previous fast driving was negligent driving. *Id*. at 500-01.

Just two years ago, the Missouri Western District Court of Appeals reaffirmed the holding and rationale in *Lix*. *Matysyuk*, 595 S.W.3d 543. There, the court found a prior accident, more than three years prior to the accident at issue, "insufficient to establish *habitual* recklessness." *Matysyuk* at 550 (emphasis original) (citing *Portmann v. Stanley*, 674 S.W.2d 678, 679-80 (Mo. App. E.D. 1984) ("affirming grant of summary judgment to parents who entrusted vehicle to son, where son had been involved in three prior accidents, but 'each of these occurred more than two years before the collision now in issue'")). "[P]roof of a single accident, even though accompanied by negligence, is not sufficient to establish habitual recklessness." *Id*. at 549-5050 (citation and quotation omitted).

There is even less evidence of habitual conduct here than in *Lix* or *Matysyuk*. There is nothing habitual about Clayton Cogle's prior speeding, nevertheless speeding "so constantly committed so as to constitute a habit." Although Defendant admits to having knowledge of Clayton receiving a prior speeding ticket (which, according to Kathryn Janssen, was at least a year prior to the accident), Plaintiff has been unable to produce any tickets, citations, court documents and/or driving records regarding such speeding ticket. SUMF ¶¶ 13, 15 and 16. Indeed, Plaintiff has presented no proof that Clayton Cogle was even convicted of any such ticket. *Id*. There is also no evidence here, as there was in *Lix*, that Clayton Cogle had a "reputation in the community as a fast driver"; regardless, any such reputation would nevertheless be insufficient to establish habitual recklessness. *Lix* at 500-01. If the evidence of *Lix* was insufficient to establish negligent entrustment, then the evidence here is also insufficient to establish negligent entrustment as a matter of law and summary judgment is appropriate.

Further, the *Matysyuk* "single accident" rule is applicable here: proof of Clayton Cogle's single prior speeding ticket, even if accompanied by negligence, is not sufficient to establish *habitual* recklessness.

### ii. Habitual Marijuana/THC Use

Plaintiff also alleges Clayton Cogle had some sort of generalized habit of using marijuana and was therefore perennially incompetent to operate a vehicle. However, these allegations of are facially insufficient to even support a claim for negligent entrustment. Plaintiff simply alleges Clayton Cogle had a "habitual use of marijuana/THC." Doc. 42 at p. 2 ¶¶ 5 and 8. Plaintiff fails to allege Clayton Cogle's marijuana use is somehow causally related to some constant (or any) operation of a motor vehicle such that it rises to the level of habitual recklessness. Because there must be a causal relationship between the alleged habitual activity and negligently operating a

7

motor vehicle, the First Amended Complaint's omission of any relation between Clayton Cogle's general marijuana use and its relation to his operation of a motor vehicle is fatal. *Matysyuk* at 550 (quoting *Lecave v. Hardy*, 73 S.W.3d 637, 644 (Mo. App. E.D. 2002) (finding the failure to carry liability insurance cannot serve as the basis for negligent entrustment "because there is no causal relationship between the failure to purchase insurance and the act of negligently operating a vehicle")). While evidence of habitually operating a motor vehicle under the influence *could* give rise to a claim for negligent entrustment, that is not Plaintiff's claim. Instead, Plaintiff simply alleges Clayton Cogle has generally habitually used marijuana; but simply being a habitual user of marijuana, even if true, is not enough to give rise to a claim for negligent entrustment without evidence – let alone an allegation – tying the marijuana use to intoxicated operation of a vehicle.

**B. Knowledge of Incompetence**

Plaintiff is unable to prove that Kevin Cogle knew or had reason to know of Clayton Cogle's alleged incompetence. Because Plaintiff has not and cannot prove that Clayton Cogle was incompetent to operate a motor vehicle, there is inherently nothing Kevin Cogle knew or could have known to the contrary. But even if Clayton Cogle was incompetent, there is no evidence that Kevin Cogle knew or had reason to know of such incompetence, particularly because of the nature of Kevin and Clayton's parental-child relationship in the eighteen months leading up to the accident. Finally, with respect to Clayton Cogle's alleged habitual use of marijuana, Plaintiff cannot establish that Clayton constantly used marijuana <u>and</u> operated a motor vehicle under the influence of such marijuana such that would cause Kevin Cogle to know or have reason to know of incompetence related to the operation of a motor vehicle.

### 1. Kevin Cogle and Clayton Cogle's Relationship

Clayton Cogle's parents, Kevin and Sandra Cogle, separated in March 2017 and ultimately divorced in September 2018. SUMF ¶¶ 25-28. For the twenty months between December 2018 and this accident in June 2020, Kevin Cogle lived full-time in Florida while Clayton Cogle lived full-time with his mother, Sandra, in the St. Louis area. SUMF ¶ 29. Kevin and Clayton had a very strained relationship during this time, which resulted in limited physical contact and only periodic phone conversations. SUMF ¶ 30. Clayton was not very responsive to Kevin's calls and messages. SUMF ¶ 31. Further, Sandra Cogle was the parent who physically watched over Clayton's day-to-day use of the Audi, but she did not regularly report to Kevin on how Clayton was doing with driving or otherwise. SUMF ¶¶ 32-33.

These facts simply do not prove that Kevin Cogle knew or had reason to know of any alleged incompetence of Clayton Cogle. At most, these facts reflect a father and son adapting to a new life after the mother and father's divorce. Even putting aside Kevin's direct relationship with Clayton, Kevin also did not have a speaking relationship with Clayton's mother, Sandra; in fact, Sandra wasn't regularly reporting to Kevin how Clayton was doing – with the Audi or otherwise. SUMF ¶¶ 32-33. The evidence before court simply doesn't establish the knowledge element of a negligent entrustment claim.

### 2. Clayton Cogle's Alleged Habitual Marijuana Use

As noted above, Plaintiff has failed to even allege facts which would establish incompetence by way of Clayton Cogle's alleged marijuana use, let alone that Kevin Cogle knew or had any reason to know of such incompetence. However, even if Plaintiff did allege some connection between Clayton Cogle's prior marijuana use and his operation of a motor vehicle,

summary judgment is nonetheless proper because Plaintiff is unable to actually prove such a connection.

Plaintiff's lack of evidence is best understood under the analogous situation of entrusting a vehicle to a known alcoholic. The Missouri Western District Court of Appeals has previously been dismissive of such a claim, noting the court is "dubious that merely lending one's car to a known alcoholic would be sufficient to establish the knowledge of incompetency element in that not all alcoholics drive while intoxicated at all, much less is it known that they do so habitually." *Hays v. Royer*, 384 S.W.3d 330, 335 n.5 (Mo. App. W.D. 2012) (citation and quotation omitted). Here, therefore, even hypothetical daily marijuana use would not establish knowledge of incompetency because, absent actual evidence linking the two, it is not assumed that a habitual marijuana user would also habitually drive while under the influence of marijuana. Assuming a connection between marijuana use and driving a vehicle is an improper leapfrog in the proximate cause analysis.

### C. Proximate Cause of Marijuana/THC

Because Plaintiff cannot prove Clayton Cogle was under the influence of marijuana at the time of the accident, Plaintiff cannot prove that Clayton Cogle's day-of marijuana use was the proximate cause of the accident, a necessary element for the claim of negligent entrustment. *Evans*, 555 S.W.2d at 326 (the negligence of the entrustor must concur with the conduct of the entrustee).

Proving intoxication by marijuana is much different than proving intoxication by alcohol. Missouri "case law has consistently recognized a substantive distinction between the evidence required to sustain a finding that a person is impaired as a result of the ingestion of alcohol verses other drugs." *Secrist v. Treadstone, LLC*, 356 S.W.3d 276, 281 (Mo. App. W.D. 2011) (internal citations omitted) (premises liability case where injured plaintiff had THC in his system). While a

prima facie case for impairment of alcohol is set by statute (i.e., a BAC of 0.80), and while the "effects of excessive consumption of alcohol are well-known and relatively easy to identify[,]" drug impairment is different. *Id.* at 281. Proving intoxication by marijuana requires evidence as to:

> "(1) what effect that level of that drug in the body would reasonably have on that individual;
>
> (2) that the behaviors exhibited by that person were consistent with having that drug and the amount thereof in his system; and
>
> (3) the proximity in time between when the drug was ingested and the events to which the impairment is relevant."

*Id.* at 283. Each of these factors turn in Defendant's favor.

First, considering what effect a certain level of THC would reasonably have on Clayton Cogle is irrelevant because Plaintiff has no expert to offer such testimony. SUMF ¶ 24.

Second, Plaintiff has brought forward **no** evidence that the behaviors exhibit by Clayton were consistent with having some certain amount of THC in his system. To the contrary, after Plaintiff smoked marijuana with Clayton Cogle and the two other passengers, they all talked about how they all felt fine. SUMF ¶ 18. Plaintiff understood this to mean that Clayton was okay to drive. *Id.* None of the four individuals believed they were high. SUMF ¶ 19. Further, and more importantly, because the marijuana "was not good," **Plaintiff believed Clayton Cogle <u>wasn't high</u>** and, in fact, seemed fine. SUMF ¶¶ 20-21. Finally, prior to getting in the Audi, Plaintiff denies she knew Clayton Cogle was intoxicated and has otherwise been unable to identify at what time Clayton Cogle allegedly became intoxicated. SUMF ¶¶ 22-23.

Third, Plaintiff has offered no evidence regarding the time between when Clayton smoked marijuana and the time at which the accident occurred. Regardless, even if there was evidence of

such temporal scope, it would be irrelevant given Plaintiff's own testimony that Clayton Cogle wasn't high.

In *Secrist*, there was no evidence – one way or another – as to Secrist's degree of impairment or behavior being consistent with impairment. *Id*. Therefore, the court found the trial court abused its discretion in admitting THC evidence to show impairment. *Id*. Here, we do have day-of-accident "behavior" evidence but rather than it pointing to impairment, it proves sobriety: Plaintiff herself testified that Clayton's behavior the day of the incident was consistent with sobriety, not intoxication. Therefore, here, as was the case in *Secrist*, there is no evidence that any THC in Clayton Cogle's system "would result in a certain type or degree of impairment" or that Clayton's "behavior the day of the incident was consistent with impairment by marijuana ingestion." *Secrist* at 283.

Based on the evidentiary standards set out in *Secrist* (and again applied in 2018 in *Harris v. Jungerman*[2]), Plaintiff cannot prove Clayton Cogle was intoxicated at the time of the accident and therefore lacks proximate cause to link marijuana use and/or intoxication to her claim of negligent entrustment against Defendant.

**IV. Conclusion**

Simply put, Plaintiff doesn't have enough evidence to prove her allegation that Defendant negligently entrusted the Audi to Clayton Cogle. Not only has Plaintiff not brought forth the evidence, it simply doesn't exist. The evidence and testimony in the record is contrary to Plaintiff's allegations. Clayton Cogle was an experienced driver with barely a speck on his driving record. There is no allegation, let alone proof, that he regularly operated a vehicle under the influence of marijuana prior to or on the day of the accident.

---

[2] 560 S.W.3d 549 (Mo. App. W.D. 2018).

WHEREFORE, for the above reasons, Defendants respectfully request this Court enter summary judgment in favor of Defendant and against Plaintiff.

Respectfully submitted,

**MCCAUSLAND BARRETT & BARTALOS P.C.**

/s/ Clinton S. Turley

Clinton S. Turley                MO#66898
225 South Meramec Avenue, Suite 325
Clayton, MO 63105
(314) 548-0300 / FAX (314) 639-9300
cturley@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

AND

Michael E. McCausland            MO#29950
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

I hereby certify that a copy of the above
and foregoing was electronically delivered
by the Court on this 6th day of May 2022 to:

Geoffrey Meyerkord
Tara Knowlton
Geoff Meyerkord Law Firm, LLC
2642 Hwy 109, Suite F
Wildwood, MO 63040
314-275-0306 / 314-500-2020 (FAX)
geoff@geofflawfirm.com
tara@geofflawfirm.com
COUNSEL FOR PLAINTIFF

/s/ Clinton S. Turley

Clinton S. Turley
For the Firm