## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

LILIOKALANI MOSSMAN,      )
                                    )
        **Plaintiff,**       )
**v.**                               )       **Case No.: 4:21-CV-247**
                                      )
**KEVIN COGLE,**          )
                                    )
        **Defendant.**     )

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

### I.     The Accident-at-Issue

1.     On June 29, 2020, Plaintiff was in an automobile accident as a passenger in a vehicle owned by Defendant Kevin Cogle but driven by his son, non-party Clayton Cogle (hereinafter "Clayton Cogle"). Doc. 42 (Plaintiff's First Amended Complaint) at p.1 ¶¶ 2 and 4.[1]

**RESPONSE:** Plaintiff admits that on June 29, 2020, she was in an automobile crash as a passenger in an Audi owned by Defendant, but driven by his son, non-party Clayton Cogle.

### II.     Scope of Plaintiff's Claims Against Defendant

2.     Plaintiff's sole cause of action against Defendant Kevin Cogle is for his alleged negligent entrustment of his vehicle to Clayton Cogle. *See generally*, Doc. 42 (Plaintiff's First Amended Complaint).

**RESPONSE:** Plaintiff denies that negligent entrustment is her sole cause of action against Defendant. Plaintiff filed a Motion to Amend her Complaint to add in a count of negligent supervision, which this Court denied. Plaintiff plans to re-file her Motion to comport to the evidence Defendant has admitted in his Motion for Summary Judgment.

---

[1] References to Plaintiff's First Amended Complaint are for purposes of summary judgment only pursuant to Rule 56(c)(1)(A).

**DEFENDANT'S REPLY: Plaintiff's response fails to properly address SUMF ¶ 2. Plaintiff's First Amended Complaint is the only live Complaint and only contains an allegation of negligent entrustment. Plaintiff has not refiled any Motion to amend the First Amended Complaint, nor could she insofar as her claim of negligent supervision doesn't exist in Missouri law. Doc. 33 at pp. 2-3 (Court's Order finding as a matter of law Plaintiff has no negligent supervision claim against Defendant). Therefore, per Rule 56(e), the Court should consider SUMF ¶ 2 undisputed for purposes of Defendant's Motion for Summary Judgment.**

**At 9:45 p.m. on June 27, 2022, Plaintiff filed her Doc. 92 Motion for Leave to File Second Amended Complaint. By this time, Defendant had already completed his Reply in Support of his Motion for Summary Judgment. Plaintiff filed her Doc. 92 Motion for Leave to File Second Amended Petition the day before briefing on summary judgment closed. Plaintiff's Doc. 92 Motion is not ripe and is not addressed in Defendant's Reply. Instead, Defendant will timely file Suggestions in Opposition to the Doc. 92 Motion for Leave within fourteen days per Local Rule 4.01(B).**

3.      Plaintiff alleges Clayton Cogle was incompetent to operate a motor vehicle becauseof his (1) age as a minor and inexperience of driving as a seventeen-year-old and (2) alleged habitual recklessness based on alleged habitual speeding and alleged habitual use of marijuana/THC. Doc. 42 (Plaintiff's First Amended Complaint) at p. 2 ¶¶ 8 and 9.

**RESPONSE:** Plaintiff denies this is the full extent of her allegations. Plaintiff alleges Clayton Cogle was incompetent to operate Defendant's Audi as a minor, inexperience operating the Audi, and lack of instruction as to the Audi. Plaintiff also claims that Clayton

Cogle's habitual use of marijuana/THC demonstrates that he was incompetent to operate the white Audi by reason of "...or otherwise" for reasons set forth in Plaintiff's Memorandum in Support of Her Opposition to Defendant's Motion for Summary Judgment. Plaintiff admits that she alleges Clayton Cogle was incompetent because he was habitual reckless due to his habitual speeding. Doc. 42 (Plaintiff's First Amended Complaint) at p. 2 ¶¶ 5 and 8.

**DEFENDANT'S REPLY: Plaintiff attempts to dispute SUMF ¶ 3 by claiming that her allegations also include that Clayton Cogle was incompetent based on his "inexperience operating the Audi, and lack of instruction as to the Audi." Plaintiff's First Amended Complaint does not contain any such allegation. Plaintiff's response fails to cite to particular materials in the record or show that materials Defendant cites do not establish the absence of a genuine dispute. Plaintiff's response therefore violates Rule 56(c)(1) and does not establish a genuine dispute of a material fact.**

III.    <u>**Clayton Cogle's Age and Driving Experience**</u>

4.      Clayton Cogle was born August 12, 2002, making him forty-four (44) days shy of his eighteenth birthday at the time of the instant accident. Exhibit A, Deposition of Kevin Cogle at 18:21-25.

**RESPONSE:** Plaintiff denies that number of days from the time of the instant crash until Clayton Cogle turned eighteen is material because a dispute over it will not affect the outcome of this suit. Plaintiff admits Clayton Cogle was born August 12, 2002.

5.      Clayton Cogle received his driver's permit on August 14, 2018 and had received a driver's license by the time of this June 29, 2020 accident. Exhibit B, Missouri Driver Record of Clayton Cogle; Exhibit C, Missouri Uniform Crash Report No. 200303192 at p. 3.

**RESPONSE:** Plaintiff admits Clayton Cogle had received his *intermediate* driver's license by June 29, 2020 and admits Clayton Cogle received his driver's permit on August 14, 2018. Exhibit D, Deposition of Glenn Tolias at 24:21-23.

6.      The primary vehicle in which Clayton Cogle learned how to drive was the Audi he was driving in the accident at issue. Exhibit A, Deposition of Kevin Cogle at 24:15-18.

**RESPONSE:** Defendant denies the primary vehicle in which Clayton Cogle learned how to drive was the Audi he was driving in the crash at issue. Plaintiff affirmatively avers Clayton Cogle primarily learned how to drive in Sandra Cogle's vehicle because Defendant's own testimony is that Sandra Cogle would have taught Clayton Cogle how to drive more than Defendant. Defendant testified he bought the Audi in December 2017, Clayton Cogle received his driver's permit in August 2018, Defendant's primary vehicle was the Audi from December 2017-August 2018. Finally, when Clayton Cogle was learning how to drive, his times of driving the Audi were limited to when Defendant would have to convince Clayton Cogle to go to dinner with him because at that time, their relationship was strained and awkward. Exhibit E, Deposition of Kevin Cogle at 127:3-25.

**DEFENDANT'S REPLY: Plaintiff's Response fails to controvert SUMF ¶ 6. Nothing about Plaintiff's citation to the record supports an allegation that "Clayton Cogle primarily learned to drive in Sandra Cogle's vehicle." In fact, there is no mention of such vehicle anywhere in in this case. Regardless, even by Plaintiff's own timeline, Clayton Cogle primarily drove the Audi from August 2018 through the accident at issue in June 2020.**

7.      By the time he received his intermediate license, Clayton Cogle had received more than forty (40) hours of driving instruction. Exhibit A, Deposition of Kevin Cogle at 27:5-10.

**RESPONSE:** Plaintiff admits that this is Defendant's testimony. The jury is free to believe or disbelieve this testimony.

**DEFENDANT'S REPLY: Plaintiff's Response fails to cite the record and therefore violates Rule 56(c)(1). Per Rule 56(e), the Court should consider SUMF ¶ 7 undisputed for purposes of Defendant's Motion for Summary Judgment.**

8.      Clayton Cogle and Kathryn Janssen, one of Plaintiff's best friends, dated from December 2018 through January 2020, during which time Kathryn Janssen rode in a car with Clayton Cogle as the driver up to four times per day. Exhibit D, Deposition of Kathryn Janssen at 100:4-6, 104:7-10, 105:10-106:1.

**RESPONSE:** Plaintiff denies that Kathryn Janssen rode in a car with Clayton Cogle up to four times per day as this mischaracterizes her testimony. Plaintiff denies the fact that Kathryn Janssen is one of Plaintiff's best friends is material because a dispute over it would not affect the outcome of this suit.

**DEFENDANT'S REPLY: Plaintiff's Response fails to cite the record and therefore violates Rule 56(c)(1). Per Rule 56(e), the Court should consider SUMF ¶ 8 undisputed for purposes of Defendant's Motion for Summary Judgment.**

### IV.    Clayton Cogle's Driving History

9.      There is no allegation that Clayton Cogle has any type of motor vehicle-related accident history which rendered him incompetent to operate a motor vehicle. See generally Doc. 42 (Plaintiff's First Amended Complaint).

**RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit.

10.     To Kevin Cogle's knowledge, the June 29, 2020 accident at issue is the only

accident in which Clayton Cogle was involved and alleged to have been at-fault. Exhibit A, Deposition of Kevin Cogle at 128:24-129:2.

**RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit.

11.     Prior to the accident of June 29, 2020, Kevin Cogle was not aware of any instances wherein someone had alleged Clayton Cogle to have been driving reckless. Exhibit A, Deposition of Kevin Cogle at 129:8-11.

**RESPONSE:** Plaintiff denies this fact is material as a dispute over it would not affect the outcome of this suit because whether Defendant was aware of Clayton Cogle's reckless driving is not the standard Plaintiff must meet to prevail. The legal reasons for this are set forth in Plaintiff's Memorandum of Support. Plaintiff admits this is Defendant's testimony. The jury is free to believe of disbelieve this testimony.

**DEFENDANT'S REPLY: Plaintiff's Response fails to cite the record and therefore violates Rule 56(c)(1). Per Rule 56(e), the Court should consider SUMF ¶ 11 undisputed for purposes of Defendant's Motion for Summary Judgment.**

12.     Prior to the accident of June 29, 2020, Kevin Cogle was not aware of any instances wherein someone had alleged Clayton Cogle to have been driving under the influence of drugs or alcohol. Exhibit A, Deposition of Kevin Cogle at 129:12-16.

**RESPONSE:** Plaintiff denies this fact is material as a dispute over it would not affect the outcome of this suit because whether Defendant was aware someone had alleged Clayton Cogle to have been driving under the influence of drugs or alcohol is not the standard Plaintiff must meet to prevail. The legal reasons for this are set forth in Plaintiff's Memorandum of Support. Plaintiff admits this is Defendant's testimony. The jury is free

to believe of disbelieve this testimony.

**DEFENDANT'S REPLY: Plaintiff's Response fails to cite the record and therefore violates Rule 56(c)(1). Per Rule 56(e), the Court should consider SUMF ¶ 12 undisputed for purposes of Defendant's Motion for Summary Judgment.**

13.    To-date, Plaintiff has been unable to produce any tickets, citations, court documents and/or driving records which support Plaintiff's allegation that Clayton Cogle had reckless and irresponsible conduct, including a dangerous propensity to speed. Exhibit E, Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents at pp. 3-5 ¶¶ 8, 11, 15 and 19; Doc. 42 (Plaintiff's First Amended Complaint) at p. 2 ¶¶ 5 and 8.

**RESPONSE:** Plaintiff denies this fact is material as a dispute over it would not affect the outcome of this suit. Plaintiff further denies that "dangerous propensity to speed" is a statute or ordinance under Missouri law, therefore rendering it impossible for Plaintiff to produce such a document to support her claims.

14.    Kathryn Janssen never told Kevin Cogle about any instances of Clayton Cogle speeding, nor did she ever hear Clayton Cogle tell Kevin Cogle about speeding and otherwise can't say whether Kevin Cogle knew about any such speeding. Exhibit D, Deposition of Kathryn Janssen at 35:25-36:8.

**RESPONSE:** Plaintiff denies this fact is material as a dispute over it would not affect the outcome of this suit.

15.    Kevin Cogle admits he knew Clayton Cogle had a single speeding ticket prior to June 29, 2020, during which Kathryn Janssen was in the car with Clayton. Exhibit A, Deposition of Kevin Cogle at 83:21-85:5.

**RESPONSE:** Plaintiff admits paragraph 15 of Defendant's Statement of "Uncontroverted"

Material Facts.

16.     In early 2019, sometime between March and May, Kathryn Janssen was in a vehicle with Clayton Cogle when he was pulled over and cited for speeding. Exhibit D, Deposition of Kathryn Janssen at 106:2-107:1.

>    **RESPONSE:** Plaintiff admits that sometime between March and May of 2019, Kathryn Janssen was in a vehicle with Clayton Cogle when he was pulled over and cited for speeding.

17.     During the eight or so months after Kathryn Janssen was with Clayton Cogle when he was pulled over for speeding, Kathryn Janssen continued riding with Clayton Cogle as a driver up to four times per day. Exhibit D, Deposition of Kathryn Janssen at 106:2-107:1.

>    **RESPONSE:** Plaintiff denies that Kathryn Janssen continued riding with Clayton Cogle up to four times per day as it mischaracterizes her testimony. Plaintiff further denies this fact is material because a dispute over it would not affect the outcome of this suit.

>    **DEFENDANT'S REPLY: Plaintiff's Response fails to cite the record and therefore violates Rule 56(c)(1). Per Rule 56(e), the Court should consider SUMF ¶ 7 undisputed for purposes of Defendant's Motion for Summary Judgment.**

>    **V.     Clayton Cogle's Marijuana/THC Use**

18.     On the date of the accident, Plaintiff, Clayton Cogle and two other passengers all smoked marijuana together, after which they all talked about how they each felt fine and Plaintiff took the conversation to mean Clayton Cogle was okay to drive. Exhibit F, Deposition of Liliokalani Mossman at 25:5-11.

>    **RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit. Plaintiff affirmatively avers that Clayton Cogle's statement that

he felt fine and whether Plaintiff thought Clayton Cogle was okay to drive does has no bearing on whether Clayton Cogle was intoxicated.

19.     After smoking together, none of the four individuals, including Clayton Cogle, believed they were high. Exhibit F, Deposition of Liliokalani Mossman at 32:25-33:4.

**RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit. Plaintiff further denies paragraph 19 because Plaintiff is not qualified to testify as to what Clayton Cogle believed.

20.     On the date of the accident itself, Plaintiff believed Clayton Cogle was not intoxicated or high; in fact, he seemed fine. Exhibit F, Deposition of Liliokalani Mossman at 26:1- 5, 27:19-28:2, 33:5-9, 35:14-17 and 55:9-12.

**RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit and Plaintiff's belief does not prove/disprove whether Cayton Cogle was intoxicated or high.

21.     Plaintiff believes one of the reasons none of the four individuals, including Clayton Cogle, got intoxicated that day is because the marijuana "was not good." Exhibit F, Deposition of Liliokalani Mossman at 56:19-57:3.

**RESPONSE:** Plaintiff denies this fact is material because a dispute over it would not affect the outcome of this suit. Plaintiff's belief that Clayton Cogle was not intoxicated that day does not affirm that Clayton Cogle was not intoxicated.

22.     On June 29, 2020, prior to getting into the vehicle driven by Clayton Cogle during the route in which the accident at issue occurred, Plaintiff denies she knew Clayton Cogle was intoxicated by marijuana and/or THC. Exhibit G, Plaintiff's Responses to Defendant Kevin Cogle's Second Requests for Admission at p.1 ¶ 1.

**RESPONSE:** Plaintiff denies this fact is material as a dispute over it would not affect the outcome of this suit because whether she knew he was intoxicated does not affirm whether he was actually intoxicated.

23.     Plaintiff is unable to state the time on June 29, 2020 at which Clayton Cogle became intoxicated by marijuana/THC. Exhibit H, Plaintiff's Answers to Defendant's Second Interrogatories at p. 3 ¶ 15.

**RESPONSE:** Plaintiff denies this fact is material because as dispute over it would not affect the outcome of this suit because Plaintiff is not the appropriate means of proving/disproving whether Clayton Cogle was intoxicated.

24.     Plaintiff hasn't identified an expert to testify about Clayton Cogle's alleged intoxication. Exhibit I, Plaintiff's Second Supplemental Answers and Objections to Defendant's Opening Interrogatories.

**RESPONSE:** Plaintiff denies this fact is material because a dispute over whether Plaintiff hired an expert to testify about Clayton Cogle's alleged intoxication would not affect the outcome of this suit. Plaintiff affirmatively avers that Clayton Cogle was intoxicated. Exhibit C, Missouri State Highway Patrol Toxicology Certified Report.

**VI.     Kevin Cogle and Clayton Cogle's Relationship**

25.     Clayton Cogle's parents, Defendant Kevin Cogle and non-party Sandra Cogle, separated on or about March 10, 2017 when Clayton Cogle was fourteen and prior to Clayton Cogle obtaining his driver's permit almost a year and a half later on August 14, 2018. Exhibit A, Deposition of Kevin Cogle at 48:17-22; Exhibit B, Missouri Driver Record of Clayton Cogle.

**RESPONSE:** Plaintiff admits paragraph 25 of Defendant's Statement of "Uncontroverted"

Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

26. Kevin Cogle moved out of the family home and to a residence in Innsbrook, Missouri around the time period of the separation of March 2017. Exhibit A, Deposition of Kevin Cogle at 126:16-127:2.

**RESPONSE:** Plaintiff admits paragraph 26 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

27. By the time Clayton Cogle turned 16 on August 12, 2018, Kevin Cogle was living back-and-forth between Miami, Florida and the St. Louis, Missouri area. Exhibit A, Deposition of Kevin Cogle at 18:18-25.

**RESPONSE:** Plaintiff admits paragraph 27 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

28. Kevin and Sandra Cogle's divorce was finalized in September 2018. Exhibit A, Deposition of Kevin Cogle at 37:7-12.

**RESPONSE:** Plaintiff admits paragraph 28 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

29.     Kevin Cogle established full-time residency in Florida in December 2018, twenty months prior to the accident at issue. Exhibit A, Deposition of Kevin Cogle at 19:10-12 and 125:21-126:3.

> **RESPONSE:** Plaintiff admits paragraph 29 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

30.     From December 2018 through the accident at issue of June 29, 2020, Kevin Cogle had a strained relationship with Clayton Cogle which resulted in limited physical contact and only periodic phone conversations. Exhibit A, Deposition of Kevin Cogle at 123:18-124:18.

> **RESPONSE:** Plaintiff admits paragraph 30 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

31.     From December 2018 through the accident at issue of June 29, 2020, Clayton Cogle was not very responsive to Kevin Cogle's calls and messages. Exhibit A, Deposition of Kevin Cogle at 49:8-50:16 and 125:8-13.

> **RESPONSE:** Plaintiff denies that Clayton Cogle was not very responsive to Defendant through June 29, 2020 because Defendant testified that their relationship started to improve in 2019, that they would sometimes speak on the phone and would text. Exhibit E, Deposition of Kevin Cogle at 38:8-13, 49:16-21, 50:24-51:2.

> **DEFENDANT'S REPLY: Plaintiff's citations fail to controvert SUMF ¶ 31. First, Kevin Cogle's deposition at 38:8-13 has nothing to do with SUMF ¶ 31. Second,**

**combining Defendant's and Plaintiff's citations to Kevin Cogle's deposition, the testimony at issue is 49:8-51:2, all of which is before the Court in Doc. 87-5 at pp. 49-51. The Court can carefully examine that testimony and understand the temporal scope of Kevin's strained relationship with his son.**

32.     From December 2018 through the accident at issue of June 29, 2020, Sandra Cogle and Kevin Cogle did not have a speaking relationship and Sandra Cogle did not regularly report to Kevin Cogle how Clayton Cogle was doing. Exhibit A, Deposition of Kevin Cogle at 125:14- 20.

**RESPONSE:** Plaintiff admits paragraph 32 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

33.     From December 2018 through the accident at issue of June 29, 2020, Sandra Cogle, not Kevin Cogle, physically watched over Clayton Cogle's day-to-day use of the vehicle at issue, but did not report back to Kevin Cogle about Clayton Cogle's driving habits or use of the vehicle at issue. Exhibit A, Deposition of Kevin Cogle at 126:4-7.

**RESPONSE:** Plaintiff admits paragraph 33 of Defendant's Statement of "Uncontroverted" Material Facts. Plaintiff affirmatively avers this paragraph advances her claims against Defendant as set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

## PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS

### A.     Clayton Cogle's Incompetence to Operate the Audi

34.     Clayton Cogle was a minor on June 29, 2020. Exhibit A, Missouri Uniform

Crash Report.

**DEFENDANT'S RESPONSE:** Admit.

35.     Clayton Cogle had little experience operating the Audi before Defendant gave him the Audi to use after he turned sixteen. Exhibit E, Deposition of Kevin Cogle at 24:3-14.

**DEFENDANT'S RESPONSE:** Plaintiff's citation to the record directly contradicts Plaintiff's own allegation. Plaintiff alleges Clayton Cogle had "little" experience operating the Audi. However, Plaintiff's own citation to Kevin Cogle's testimony is that "probably a lot of it was with the Audi." Doc. 87-5 at p. 24:13-14. Further, in the very next question and answer, Kevin Cogle testifies Clayton Cogle learned to drive "[i]n the Audi, probably the majority of the time, yes." *Id*. at 24:15-18.

36.     Clayton Cogle only drove the Audi before he turned sixteen at times when he and Defendant would go to dinner which was not that often because at that time, Clayton Cogle and Defendant's relationship was strained. Exhibit E, Deposition of Kevin Cogle at 127:3-25.

**DEFENDANT'S RESPONSE:** Plaintiff's Fact No. 36 is not material because it is confined to Clayton Cogle's driving before turning sixteen whereas Clayton Cogle was forty-four days shy of eighteen at the time of the accident at issue. Defendant's SUMF ¶ 4. The relevant time period is Clayton Cogle's competence at the time of the accident, not at age sixteen.

37.     This crash occurred in Defiance, MO on Highway 94 which is a tight and windy two-lane road. Exhibit A, Missouri Uniform Crash Report.

**DEFENDANT'S RESPONSE:** Defendant denies Plaintiff's Fact No. 37. The accident actually occurred in Unincorporated, St. Charles County and the Missouri Uniform Crash Report is devoid of any evidence that the road is "tight and windy." Defendant's Exhibit

C, Doc. 77-3.

38. Defendant signed the Parent/Teen Driving Agreement that states, "I promise to be a good role model and coach to help my teen become a safe and responsible driver. I understand this is an evolving agreement. I commit to discussing these rules as my teen becomes more experienced behind the wheel." Exhibit E, Deposition of Kevin Cogle at 26:17-27:4; Exhibit F, Parent/Teen Driving Agreement.

**DEFENDANT'S RESPONSE:** Defendant denies Plaintiff's Fact No. 38. Plaintiff's own citation shows Kevin Cogle testified, "I honestly don't recall signing, but if it's required, I may have." Doc. 87-5 at 26:25-27:1. Further, Defendant objects to Plaintiff's Exhibit F, Doc. 87-6, insofar as Plaintiff has laid no foundation for the admissibility of same and it cannot be used to support or dispute a fact. Rule 56(c)(2). Plaintiff's Fact No. 38 and Exhibit F are irrelevant because this Court, and not the Parent/Teen Driving Agreement, determines Defendant's legal duty in this case.

39. Defendant did not place any rules on Clayton Cogle's use or operation of the Audi. Exhibit E, Deposition of Kevin Cogle at 22:20-23:11.

**DEFENDANT'S RESPONSE:** Defendant denies Plaintiff's Fact No. 39 as an incomplete citation. Defendant testified that, after a previous speeding ticket but prior to the accident at issue, he had discussions with Clayton Cogle about speeding and losing privileges of the car. Doc. 87-5 at 83:25-84:18 and 92:1-17.

40. Kathryn Janssen observed Clayton Cogle drive at an excessive speed more than ten times. Exhibit G, Deposition of Kathryn Janssen at 34:25-35:24.

**DEFENDANT'S RESPONSE:** Admit.

41. Clayton Cogle was pulled over and cited for speeding before June 29, 2020.

Exhibit E, Deposition of Kevin Cogle at 83:21-86:1.

**DEFENDANT'S RESPONSE:** Admit.

42.     Before June 29, 2020, and on the same road where this crash occurred, Clayton Cogle drove at an excessive speed and drove into the other lane of oncoming traffic. Exhibit G, Deposition of Kathryn Janssen at 32:1-34:24.

**DEFENDANT'S RESPONSE:** Defendant denies only to the extent Plaintiff's allegation attempts to allege Clayton Cogle drove into oncoming traffic. Kathryn Janssen testified there was no oncoming traffic. Doc. 87-7 at 34:7-9. Defendant otherwise admits.

43.     Defendant did not punish Clayton Cogle and set no additional rules after Clayton Cogle received a speeding ticket. Exhibit E, Deposition of Kevin Cogle at 92:18-93:3.

**DEFENDANT'S RESPONSE:** Defendant denies Plaintiff's Fact No. 43 insofar as Plaintiff's citation to Kevin Cogle's deposition at 92:18-93:3 in no way supports the fact as alleged. Fact No. 43 therefore violates Rule 56(c)(1). To the contrary, after the speeding ticket at issue, Kevin Cogle reinforced that Clayton needs to not speed, otherwise he could lose privilege of the car. Doc. 87-5 at 92:7-11.

44.     Clayton Cogle operated Defendant's Audi with more than one passenger who was not a family member within the first six months of receiving his intermediate driver's license. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Defendant admits Plaintiff has cited to what purports to be an affidavit signed by Kathryn Janssen on May 31, 2022, approximately seven months after her deposition in this case and less than a week before Plaintiff filed her response to Defendant's Motion for Summary Judgment. However, Fact No. 44 is

neither relevant nor material because Plaintiff cannot establish any proximate cause between the allegation and the elements of negligent entrustment.

45.     Clayton Cogle operated Defendant's Audi with more than three passengers who were not family members while he possessed his intermediate driver's license. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Defendant admits Plaintiff has cited to what purports to be an affidavit signed by Kathryn Janssen on May 31, 2022, approximately seven months after her deposition in this case and less than a week before Plaintiff filed her response to Defendant's Motion for Summary Judgment. However, Fact No. 45 is neither relevant nor material because Plaintiff cannot establish any proximate cause between the allegation and the elements of negligent entrustment.

46.     Clayton Cogle signed the Parent/Teen Driving agreement that states, "I will abide by all traffic safety laws." Clayton Cogle violated this agreement. Exhibit E, Deposition of Kevin Cogle at 26:17-27:4; Exhibit F, Parent/Teen Driving Agreement.

**DEFENDANT'S RESPONSE:** Objection. Nothing about Plaintiff's citation to the record supports an allegation that Clayton Cogle signed the Parent/Teen Driving Agreement. Further, Plaintiff has laid no foundation for the admissibility of the Parent/Teen Driving Agreement and it cannot be used to support a fact. Rule 56(c)(2). Exhibit F is also irrelevant because Missouri law and this Court determine the elements of the negligent entrustment claim at issue, not the Parent/Teen Driving Agreement.

47.     Clayton Cogle possessed a marijuana vaporizer. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. The portion of

Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) discussing Clayton Cogle allegedly using a marijuana vaporizer lacks foundation and is vague and lacking in temporal scope. The affidavit provides no temporal context as to when Ms. Janssen alleges Clayton Cogle possessed a marijuana vaporizer.

48.    Clayton Cogle would use said vaporizer and then operate Defendant's Audi. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. The portion of Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) alleging Clayton Cogle would use a vaporizer and then operate Defendant's Audi lacks foundation and is vague and lacking in temporal scope. The affidavit provides no temporal context as to when Clayton Cogle used a vaporizer and then operated Defendant's Audi. Finally, this allegation contradicts Ms. Janssen's own deposition testimony that the friend group, including Clayton Cogle, used sober drivers.

Q.    Okay. So you guys, I mean, as a friend group made this decision – responsible decision to -- at least the guys, to stay sober and have a sober driver?

**A.    Yes.**

Doc. 87-8 at 108:1-4. Ms. Janssen was examined at length as to her knowledge of Clayton Cogle's marijuana use and never once testified about his use in relation to driving. Her affidavit does not explain any aspects of her deposition nor does it allege any confusion during the deposition which might require explanation. The execution of her affidavit six days before Plaintiff attached same to her response opposing summary judgment is "highly suspicious." *City of St. Joseph v. Southwestern Bell Tel.*, 439 F.3d 468, 476 (8th Cir. 2006) (filing of an affidavit on the same day of suggestions in opposition to a motion for summary judgment was "highly suspicious"). As such, this

portion of Ms. Janssen's affidavit violates the sham affidavit rule and should be stricken. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1363-66 (8ᵗʰ Cir. 1983).

49.     Clayton Cogle was a regular user of marijuana before and up until June 29, 2020. Exhibit G, Deposition of Kathryn Janssen at 56:12-57:1.

> **DEFENDANT'S RESPONSE:** Objection. Nowhere in Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) does Ms. Janssen allege that Clayton Cogle was a regular user of marijuana before and up until June 29, 2020. Similarly, while the cited deposition testimony does allege Clayton Cogle regularly used marijuana, the cited testimony does not include the any temporal reference as to when Clayton Cogle allegedly used marijuana and therefore does not support Plaintiff's Fact No. 49.

50.     Clayton Cogle would use marijuana via his vaporizer anywhere because the vaporizer did not produce a smell. Exhibit G, Deposition of Kathryn Janssen at 59:21-60:22; Exhibit I, Affidavit of Kathryn Janssen.

> **DEFENDANT'S RESPONSE:** Admit.

51.     Clayton Cogle smoked marijuana at his house and other people's houses. Exhibit G, Deposition of Kathryn Janssen at 59:21-60:22.

> **DEFENDANT'S RESPONSE:** Objection. As to smoking marijuana at either of his parents' homes, the cited testimony only supports an allegation that Clayton Cogle smoked marijuana at his mother's house, but **not** his father's house. As such, Defendant admits the cited testimony alleges that Clayton Cogle smoked marijuana at his mother's house and other people's houses, but not at the home of his father, Defendant Kevin Cogle. Doc. 87-7 at 60:2-22.

52.     Defendant did not punish or set any rules for Clayton Cogle even though he

knew Clayton Cogle used marijuana. Exhibit E, Deposition of Kevin Cogle at 18:5-18:17.

**DEFENDANT'S RESPONSE:** Objection. The cited testimony doesn't even mention the word marijuana, let alone establish Kevin Cogle's knowledge of Clayton Cogle's marijuana use. Fact No. 52 violates Rule 56(c)(1) and should not be considered.

53.    Clayton Cogle had a THC wax pen in Defendant's Audi and drove Defendant's Audi while the THC wax pen was inside the Audi. Exhibit I, Affidavit of Kathryn Janssen

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Rule 56(c)(2). Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) contains inadmissible hearsay. The affidavit relies on out of court statements of Clayton Cogle which are offered for the truth of the matter asserted – i.e., that Clayton Cogle had a THC/wax pen device. Further, Clayton Cogle's alleged statement that he threw "drug paraphernalia" is not tantamount to Clayton Cogle throwing the THC/wax pen device Ms. Janssen allegedly found. Finally, Plaintiff fails to attach the photograph which the affidavit claims to attach at paragraph five. Even if attached, the affidavit fails to lay proper foundation for the admissibility of the photograph and should not be considered.

54.    At the time of this crash, Clayton Cogle had his THC wax pen containing THC in Defendant's Audi. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Rule 56(c)(2). Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) contains inadmissible hearsay. The Affidavit relies on out of court statements of Clayton Cogle which are offered for the truth of the matter asserted – i.e., that Clayton Cogle had a THC/wax pen device. Further, Clayton Cogle's alleged statement that he threw "drug paraphernalia" is not tantamount to Clayton Cogle throwing the THC/wax pen device Ms. Janssen

allegedly found. Finally, Plaintiff fails to attach the photograph which the affidavit claims to attach at paragraph five. Even if attached, the affidavit fails to lay proper foundation for the admissibility of the photograph and should not be considered.

55.     Immediately after the crash, Clayton Cogle threw his THC wax pen out of Defendant's Audi. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Rule 56(c)(2). Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) contains inadmissible hearsay. The Affidavit relies on out of court statements of Clayton Cogle which are offered for the truth of the matter asserted – i.e., that Clayton Cogle threw a THC/wax pen device out of the Audi. Further, Clayton Cogle's alleged statement that he threw "drug paraphernalia" is not tantamount to Clayton Cogle throwing the THC/wax pen device Ms. Janssen allegedly found. Finally, Plaintiff fails to attach the photograph which the affidavit claims to attach at paragraph five. Even if attached, the affidavit fails to lay proper foundation for the admissibility of the photograph and should not be considered.

**B.     Defendant Knew or Had Reason to Know Clayton Cogle was Incompetent**

56.     Before this crash, Defendant knew that Clayton Cogle used marijuana. Exhibit I, Affidavit of Kathryn Janssen.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Rule 56(c)(2). Kathryn Janssen's affidavit (Plaintiff's Exhibit I, Doc. 87-8) contains inadmissible hearsay. The affidavit relies on Clayton Cogle's out of court statements (text messages and phone calls regarding marijuana use) offered for the truth of the matter asserted (that Clayton Cogle in fact used marijuana and in fact told his father about same).

57. Before this crash, Defendant knew Clayton Cogle received a speeding ticket. Exhibit E, Deposition of Kevin Cogle at 83:21-84:06.

**DEFENDANT'S RESPONSE:** Admit.

58. Before June 29, 2020, Defendant paid Clayton Cogle's attorneys' fees for his speeding ticket. Exhibit E, Deposition of Kevin Cogle at 88:1-89:5.

**DEFENDANT'S RESPONSE:** Admit.

59. Clayton Cogle did not primarily learn how to drive in Defendant's Audi because Defendant bought the Audi in December 2017, Clayton Cogle received his driver's permit in August 2018, and the Audi was Defendant's primary vehicle, not Sandra Cogle's, from December 2017-August 2018. Exhibit E, Deposition of Kevin Cogle at 127:3-25.

**DEFENDANT'S RESPONSE:** Objection as to an improper citation of the record. Plaintiff's citation to Kevin Cogle's deposition at 127:3-25 deals with *who* primarily taught Clayton Cogle to drive, not *in what vehicle*. The proper portion of Kevin Cogle's testimony dealing with in what vehicle Clayton Cogle learned to drive is as follows:

Q.    And so, did you spend time with him behind the wheel?

**A.    I -- I did for sure.**

Q.    But that would have probably been a different car than the Audi, right?

**A.    It was, yes, different cars than the Audi. The Audi was also included, I would say.**

Q.    Towards the end, probably, right?

**A.    Yeah, right, probably a lot of it was with the Audi because I had that for like nine months.**

Q.    So he was learning how to drive for some of that time in the Audi?

**A.    In the Audi, probably the majority of the time, yes.**

Doc. 87-5 at p. 24:5-18. Regardless, even by Plaintiff's own timeline, Clayton Cogle primarily drove the Audi from August 2018 through the accident at issue in June 2020.

60.     When Clayton Cogle had his driver's permit, he only drove the Audi when Defendant would convince Clayton to go to dinner with him. This did not occur often because at that time, Defendant and Clayton Cogle's relationship was strained and Clayton Cogle rarely would respond to Defendant's text messages and phone calls. Exhibit E, Deposition of Kevin Cogle at 127:12-22, 50:8-13.

> **DEFENDANT'S RESPONSE:** Objection as to an improper citation to the record. The testimony is constrained to "when Clayton was 15 and **getting** his learner's permit," not when Clayton Cogle actually had his learner's permit (or his intermediate license) prior to the accident. Doc. 87-5 at p. 127:16-19.

61.     Clayton Cogle had a difficult time dealing with the combination of his parent's divorce and Defendant telling Clayton Cogle he was gay. Exhibit E, Deposition of Kevin Cogle at 127:16-128:9.

> **DEFENDANT'S RESPONSE:** Denied. Kevin Cogle's testimony, as cited, is that Clayton Cogle "took that part a little bit hard," not that he had a difficult time dealing with it. Doc. 87-5 at p. 127:16-128:9.

62.     Defendant was the sole owner of the Audi that Clayton Cogle was driving at the time of this crash. Exhibit E, Deposition of Kevin Cogle at 8:11-16.

> **DEFENDANT'S RESPONSE:** Admit.

63.     Kevin Cogle has not provided any testimony asserting that he attempted to reach out to Sandra Cogle for a report on Clayton Cogle's behavior. Exhibit E, Deposition of Kevin Cogle at 6:8-133:15.

**DEFENDANT'S RESPONSE:** Admit.

64.     Defendant had joint legal and physical custody of Clayton Cogle from September 2018 through August 2020. Exhibit J, Judgment and Decree of Dissolution of Marriage.

**DEFENDANT'S RESPONSE:** Admit.

65.     Defendant asked the court to be given joint legal and physical custody. Exhibit E, Deposition of Kevin Cogle at 39:19-40:7.

**DEFENDANT'S RESPONSE:** Admit.

66.     From September 2018 to August 2020, Defendant, through his joint legal custody, was ordered by the circuit court that he was responsible for decisions regarding the purchase or operation of a motor vehicle on behalf of his minor son, Clayton Cogle. Exhibit J, Judgment and Decree of Dissolution of Marriage.

> **DEFENDANT'S RESPONSE:** Objection. By approving the Parenting Plan, the Court ordered **both** Kevin Cogle <u>and</u> Sandra Cogle to make "major decisions" for their minor children, including the "purchase or operation of a motor vehicle." Doc. 87-10 at pp. 3 and 34. Further, the Marital Settlement and Separation Agreement actually provided for Clayton Cogle's **use and ultimate ownership of the Audi**. Doc. 87-10 at p. 15. Regardless, the Defendant's duty in this negligent entrustment case is governed by Missouri law on negligent entrustment and <u>this</u> Court's determination of his duty, not by the Judgment and Decree of Dissolution of Marriage by the Circuit Court of St. Charles County.

67.     Defendant did not amend his custody agreement or Parenting Plan when he moved to Miami, FL or at any time before Clayton Cogle turned eighteen. Exhibit J, Judgment and Decree of Dissolution of Marriage.

**DEFENDANT'S RESPONSE:** Admit.

68.     Defendant was responsible for Clayton Cogle's operation of a motor vehicle even though he moved to Miami, FL. Exhibit J, Judgment and Decree of Dissolution of Marriage p. 34.

> **DEFENDANT'S RESPONSE:** Objection. Defendant's duty is governed by Missouri law and <u>this</u> Court's determination of his duty, not by the Judgment and Decree of Dissolution of Marriage by the Circuit Court of St. Charles County.

69.     Defendant set no rules for Clayton Cogle's use of his Audi before or after Clayton Cogle received a speeding ticket and told Defendant that he used marijuana. Exhibit E, Deposition of Kevin Cogle at 18:5-17.

> **DEFENDANT'S RESPONSE:** Objection. This Fact is duplicative of Fact No. 52. Further, the cited testimony doesn't even mention a speeding ticket or marijuana. The testimony doesn't establish Kevin Cogle's knowledge of Clayton Cogle's marijuana use. Finally, the testimony doesn't temporally relate Kevin Cogle's setting of rules to any issue with respect to a speeding ticket or marijuana. Fact No. 69 violates Rule 56(c)(1) and should not be considered.

70.     Defendant did not monitor Clayton Cogle's use of his Audi either before or after Clayton Cogle received a speeding ticket and told Defendant that he used marijuana. Exhibit E, Deposition of Kevin Cogle at 28:2-6.

> **DEFENDANT'S RESPONSE:** Objection. The cited testimony doesn't support the fact as alleged. The cited testimony deals only with whether Kevin Cogle used a "driving app," but not whether he otherwise monitored Clayton Cogle's use of the Audi. Further, the cited testimony makes no mention of any speeding ticket or word marijuana, let

alone establish Kevin Cogle's knowledge of Clayton Cogle's marijuana use. Fact No. 70 violates Rule 56(c)(1) and should not be considered.

71.    Cell Phone applications now exist, such as Life360, where a parent can access their child's driving routes, location, how fast their child is driving. Exhibit D, Deposition of Glenn Tolias at 53:8-54:12.

> **DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Defendant has moved to exclude all testimony of Glenn Tolias. If granted, this testimony is inadmissible and cannot be relied upon. Rule 56(c)(4). If Defendant's Motion to Exclude is denied, Defendant admits.

72.    Defendant did not abide by the Parent/Teen driving agreement that he signed which states, "I promise to be a good role model and coach to help my teen become a safe and responsible driver. I understand this is an evolving agreement. I commit to discussing these rules as my teen becomes more experienced behind the wheel." Exhibit F, Parent/Teen Driving Agreement.

> **DEFENDANT'S RESPONSE:** Objection to inadmissible evidence. The alleged fact is argument. Further, Plaintiff has laid no foundation for the admissibility of Plaintiff's Exhibit F, Doc. 87-6, and it cannot be used to support a fact. Rule 56(c)(2). Regardless, Missouri law and this Court, not the Parent/Teen Driving Agreement, determine Defendant's legal duty in this case and Plaintiff's Fact No. 72 is therefore irrelevant.

73.    When a parent entrusts a vehicle to a teen, it is important that they follow the Parent/Teen Driving Agreement. Deposition of Glenn Tolias at 42:5-15.

> **DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Defendant has moved to exclude all testimony of Glenn Tolias. Further, Plaintiff has laid no foundation

for the admissibility of Plaintiff's Exhibit F, Doc. 87-6, and it cannot be used to support a fact. Rule 56(c)(2). Regardless, Missouri law and this Court, not the Parent/Teen Driving Agreement, determine Defendant's legal duty in this case and Plaintiff's Fact No. 73 is therefore irrelevant.

74.     Parents are responsible for their teenaged children until they turn eighteen, specifically when parents entrust the keys of their car to the child. Deposition of Glenn Tolias at 49:23-50:3.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Defendant has moved to exclude all testimony of Glenn Tolias. Regardless, Missouri law and this Court, not Glenn Tolias, determine Defendant's legal duty in this case and Plaintiff's Fact No. 74 is therefore irrelevant.

75.     Parents are responsible for the car and their child until they turn eighteen so they should monitor their kid's behavior, what they are doing, and take appropriate actions to correct whatever problem there may be. Deposition of Glenn Tolias at 56:1-5.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Defendant has moved to exclude all testimony of Glenn Tolias. Regardless, Missouri law and this Court, not Glenn Tolias, determine Defendant's legal duty in this case and Plaintiff's Fact No. 75 is therefore irrelevant.

76.     A vehicle owner and parent should take some safety action after learning of their child's illegal marijuana use. Deposition of Glenn Tolias at 56:6-17.

**DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. Defendant has moved to exclude all testimony of Glenn Tolias. Regardless, Missouri law and this Court, not Glenn Tolias, determine Defendant's legal duty in this case and Plaintiff's

Fact No. 76 is therefore irrelevant.

### C.    **Defendant's Negligence Concurred With Clayton Cogle's Conduct**

77.    Clayton Cogle was intoxicated with THC at the time of the crash on June 29, 2020. Exhibit C, Missouri State Highway Patrol Toxicology Certified Report.

> **DEFENDANT'S RESPONSE:** Objection as to inadmissible evidence. First, Plaintiff has laid no foundation for the admissibility of the Exhibit C, Doc. 87-3 Toxicology Report. Second, the toxicology report is not proof of intoxication. *Secrist v. Treadstone, LLC*, 356 S.W.3d 276, 281 (Mo. App. W.D. 2011) (THC levels alone "are no indication of impairment therefrom"). Third, Plaintiff has no expert to opine as to the toxicology report.

78.    Clayton Cogle is charged with three counts of Driving While Intoxicated in connection to this crash, in the St. Charles County, State of Missouri Circuit Court. Exhibit I, Grand Jury Indictment Filed.

> **DEFENDANT'S RESPONSE:** Object as to inadmissible evidence. Although Clayton Cogle has been charged, he has not has been found guilty and an indictment is not admissible nor is it proof of intoxication.

79.    At the time of the crash, Clayton Cogle drove at speeds up to 130 mph. Exhibit B, Crash Data Retrieval Report.

> **DEFENDANT'S RESPONSE:** Object as to inadmissible evidence. Interpretation of the Missouri Uniform Crash Report Technical Supplement requires expert testimony of which Plaintiff has not offered.

80.    On the day of the crash, Clayton Cogle was seventeen. Exhibit A, Missouri Uniform Crash Report.

**DEFENDANT'S RESPONSE:** Admit.

81.    Defendant provided little training to Clayton Cogle on how to operate the Audi before this crash. Exhibit E, Deposition of Kevin Cogle at 127:7-11.

**DEFENDANT'S RESPONSE:** Objection. The cited testimony doesn't support the fact as alleged. The cited testimony is temporally constrained to when Clayton Cogle was fifteen-years-old, some two years prior to the accident at issue. Doc. 87-5 at p. 126:22-127:22. Fact No. 81 violates Rule 56(c)(1) and should not be considered.

82.    Defendant never supervised or monitored Clayton Cogle's use of the Audi. Exhibit E, Deposition of Kevin Cogle at 28:2-6.

**DEFENDANT'S RESPONSE:** Objection. This Fact is duplicative of Fact No. 70. Defendant further objects that the cited testimony doesn't support the fact as alleged. The cited testimony deals only with whether Kevin Cogle used a "driving app," but not whether he otherwise monitored Clayton Cogle's use of the Audi. Fact No. 82 violates Rule 56(c)(1) and should not be considered.

*Respectfully submitted,*

**MCCAUSLAND BARRETT & BARTALOS P.C.**

*/s/ Clinton S. Turley*

---

Clinton S. Turley                     MO#66898
225 South Meramec Avenue, Suite 325
Clayton, MO 63105
(314) 548-0300 / FAX (314) 639-9300
cturley@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

AND

Michael E. McCausland   MO#29950
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
(816) 523-3000/FAX (816) 523-1588
mmccausland@mbblawfirmkc.com
ATTORNEYS FOR DEFENDANT

I hereby certify that a copy of the above
and foregoing was electronically delivered
by the Court on this 28th day of June 2022 to:

Geoffrey Meyerkord
Tara Knowlton
Geoff Meyerkord Law Firm, LLC
2642 Hwy 109, Suite F
Wildwood, MO 63040
314-275-0306 / 314-500-2020 (FAX)
geoff@geofflawfirm.com
tara@geofflawfirm.com
COUNSEL FOR PLAINTIFF

*/s/ Clinton S. Turley*

&#8203;

Clinton S. Turley
For the Firm